**Robert P. LULIS, Plaintiff,**

v.

**Joanne B. BARNHART, Commissioner of Social Security and the Social Security Administration, Defendant.**

**Civil Action No. 02–7628.**

United States District Court, E.D. Pennsylvania.

March 24, 2003.

Richard M. Bernstein, Philadelphia, PA, for Defendant.

Joanne Kelhart, Shay, Santee & Kelhart, Bethlehem, PA, for Plaintiff.

## *MEMORANDUM*

RUFE, District Judge.

This employment discrimination case comes before the Court on Defendant's Motion for Partial Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment. For the reasons set out below, Defendant's Motion is granted in part and denied in part.

### I. *BACKGROUND*

Plaintiff is Robert P. Lulis, a former employee of the Social Security Administration. Defendant is the Commissioner of the Social Security Administration (SSA). Plaintiff avers that he was the victim of a wide variety of wrongdoings related to his employment, the details of which are discussed below. He pursues the following claims in his Complaint: violations of the Equal Pay Act, 29 U.S.C. § 206(d) (Count 1); Title VII hostile work environment (Count 2); Title VII retaliation (Count 3); Title VII discrimination in pay on the basis of sex (Count 4); Defamation (Count 5); Intentional Infliction of Emotional Distress (Count 6); and violations of a settlement agreement (Count 7). Defendant's Motion seeks judgment as to all counts, except Count 3.

In a December 23, 2002 conference with counsel for both parties and the Court, Plaintiff agreed to withdraw Count 5 and Count 6. Accordingly, those counts are dismissed with prejudice. In addition, Plaintiff agreed to amend the allegations in Count 7, and Defendant agreed to withdraw the motion as to Count 7 upon Plaintiff's amendment. Plaintiff has so amended, *see* Plaintiff's Response to Defendant's Motion at 1 [Doc. # 11], and thus Defendant's Motion is denied as moot as to

Count 7. Furthermore, based on discussions at the conference, Defendant agreed to withdraw its Motion as to Count 1 and Count 4. Accordingly, Defendant's Motion is denied as moot as to those counts.[1] Finally, Defendant's Motion does not seek judgment as to Count 3. Accordingly, the only issue before the Court is whether Defendant is entitled to judgment as to Count 2, the claim for hostile work environment.

In support of this allegation Plaintiff states the following in his Complaint and in an affidavit submitted in opposition to Defendant's Motion. Plaintiff was employed by SSA since 1973, and served as an Area Systems Coordinator since March 1997. Plaintiff's supervisor from January 1998 through August 4, 2000 was Barbara Taylor. Plaintiff alleges that Taylor subjected Plaintiff to sexual harassment, thus creating a hostile work environment.

The Court must view all facts and draw all reasonable inferences in favor of Plaintiff, the non-moving party. He avers generally that Taylor was "overly attentive to me at staff meetings," "staring intently at me," and "making me very uncomfortable at the meetings." Plaintiff's Affidavit at ¶ 6(a). He also makes a general allegation that Taylor "cornered" Plaintiff and "forced" him to "discuss non-work issues" at various times during his employment. Complaint at ¶ 63. Plaintiff's specific allegations detail nine specific dates over the course of seventeen months when such harassment occurred:

- On May 19, 1998, while attending a luncheon, Taylor "sat next to me and brushed my shoulder and left arm in an attentive matter [sic];" *Id.* at ¶ 6(b);
- On August 17, 1998, in an SSA office, Taylor was "overly attentive and leaned over my desk toward me asking me to lunch. I declined and she was displeased;" *Id.* at ¶ 6(c);
- On December 11, 1998, in the U.S. Courthouse, Taylor "followed me in the hallway and lunchroom. She was looking at me very closely and inordinately over attentive [sic];" *Id.* at ¶ 6(d);
- In late 1998 or early 1999, in an SSA office Taylor "suggestively rolled her arms out toward me and told me she wanted me to 'be more open'. She brushed my foot with hers." *Id.* at ¶ 6(e);
- On March 11–12, 1999, Taylor "followed me during the conference … [and] stared at me, leered at me and I felt I was being stalked;" *Id.* at ¶ 6(f);
- On June 29, 1999, Plaintiff met with Taylor in her office to discuss field assignments, and Taylor closed the door to the office. When Plaintiff requested a "family-friendly" assignment, Taylor asked, "What are you going to do for me?" Plaintiff avers "I felt upset by the incident. She touched my arm. She called later to ask how I was doing. I interpreted this to be a request for sexual favors in exchange for fair treatment;" *Id.* at ¶ 6(g);
- On August 3, 1999, Taylor approached Plaintiff in the office and "stood closely next to me and at one point, blocked me from leaving the office. While there, she gave me a suggestive once over. She placed her hand on my left knee while I was seated and told me she recommended me for an award." *Id.* at ¶ 6(h);

---

1. Per counsel's agreement at the conference, the denial of Defendant's motion as to Counts 1, 4 and 7 are without prejudice to Defendant's right to reassert a motion for summary judgment as to these counts after the close of discovery.

- On September 10, 1999, "I was shown personal pictures of Taylor which made me uncomfortable;" *Id.* at ¶ 6(j);

- On October 14, 1999, Plaintiff attended an employee improvement event. "The entertainment was a motivational speaker approved by Taylor, who told off-colored [sic] jokes, further embarrassing me [sic];" *Id.* at ¶ 6(l).

Based on these allegations and sworn testimony, Defendant moves for judgment on the pleadings as to Count 2, or in the alternative for summary judgment as to Count 2. Because the Court has considered matters outside of the pleadings, *i.e.*, Plaintiff's Affidavit submitted with his Response, it will consider Defendant's motion to be one for summary judgment.[2]

## II. *SUMMARY JUDGMENT STANDARD*

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, all facts must be viewed and all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. *DISCUSSION*

The only issue before the Court is whether Defendant is entitled to summary judgment on Plaintiff's Title VII hostile work environment claim (Count 2). The Third Circuit has outlined the necessary showing for a hostile work environment harassment claim.

> Hostile work environmental harassment occurs when unwelcome sexual conduct unreasonably interferes with a person's performance or creates an intimidating, hostile, or offensive working environment.'.... In order to be actionable, the harassment must be so *severe or pervasive* that it alters the conditions of the victim's employment and thus creates an abusive environment.

*Weston v. Pennsylvania*, 251 F.3d 420, 425–26 (3d Cir.2001) (emphasis added) (citing *Meritor Sav. Bank FSB v. Vinson*, 477 U.S. 57, 65, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). In order for Plaintiff to maintain his claim for a sexually hostile work environment under Title VII, he must show: (1) he suffered intentional discrimination because of his sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability. *Id.* at 426.

Defendant contends that Plaintiff cannot meet the second prong of this test because the harassment alleged is not "pervasive and regular" under controlling precedent. Defendant argues that this case falls within what the Supreme Court has described

---

2.   When a court considers matters outside the pleadings, a motion must be treated as one for summary judgment, and all parties must be given reasonable opportunity to present all materials made pertinent by such a motion. *See* Fed.R.Civ.P. 12(c). Defendant's Motion requests this Court to render judgment on the pleadings, or alternatively summary judgment. Plaintiff's Response acknowledges the posture of the instant motion as one for summary judgment. Accordingly, the Court will evaluate Defendant's Motion under the standard for summary judgment, and not for judgment on the pleadings.

as a "recurring point" in Title VII hostile work environment case law: "that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (internal quotes and citations omitted). In reviewing the allegations, the Court must examine the totality of circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; [and] whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Weston*, 251 F.3d at 426. The Court is mindful that Title VII should not be used to impose a "general civility code" on the workplace. *Faragher*, 524 U.S. at 788, 118 S.Ct. 2275.

■ ■ In sum, Plaintiff's allegations amount to four instances of "brushing" or "touching" (5/19/98; late 1998 or early 1999; 6/29/99; 8/3/99); three specific instances of "staring" or looking at the Plaintiff in a suggestive manner (12/11/98; 3/11–12/98; 8/3/99); four instances of sitting too closely or following Plaintiff (8/17/98; 12/11/98; 3/11–12/98; 8/3/99); three incidents where Plaintiff felt he was being propositioned in an inappropriate sexual manner by Taylor (8/17/98; late 1998 or early 1999; 6/29/99); one incident where Taylor showed Plaintiff "personal pictures" of herself (9/10/99); one incident where an outside third party, with Taylor's approval, made off-color jokes in Plaintiff's presence (10/14/99); and general allegations of engaging Plaintiff in conversations unrelated to work. *See* Lulis Affidavit at ¶ 6. Looking at the constellation of these events and alleged acts by Taylor, the Court is of the opinion that these allegations do not rise to the level of "extreme" conduct required for maintaining a hostile work environment claim under Title VII. *Faragher*, 524 U.S. at 788, 118 S.Ct. 2275.

First, Taylor's alleged conduct is not of a character that is "so objectively offensive as to alter the 'conditions' of the victim's employment." *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). None of the acts individually even approach a "serious" level of offensiveness, and collectively they do not paint a picture of a work environment permeated with disturbing harassment. For example, the allegations of physical touching are minimal intrusions, and never involved forceful contact or contact in a patently offensive place. Taylor's comments, invitations and non-verbal cues, which never descended into vulgarity or crudity, are also insufficiently troubling. And the fact that Plaintiff was present while a third party related off-color jokes is of no moment for purposes of his hostile work environment claim. *See Weston*, 251 F.3d at 428 ("The mere utterance of an epithet, joke, or inappropriate taunt that may cause offense does not sufficiently affect the conditions of employment to implicate Title VII liability."). Other courts have rejected hostile work environment claims where the alleged misconduct was more serious or offensive than that alleged here. *See, e.g., Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463–65 (6th Cir.2000) (conduct not sufficiently severe where female supervisor rubbed employee's shoulders, grabbed employee's buttocks, and made other unwelcome contact with employee's body); *Saidu–Kamara v. Parkway Corp.*, 155 F.Supp.2d 436, 439–40 (E.D.Pa.2001) (conduct not sufficiently severe when co-worker touched plaintiff's breasts and buttocks, propositioned her, commented on her appearance, and made annoying or harassing comments); *Pitt-*

*man v. Continental Airlines,* 35 F.Supp.2d 434, 442 (E.D.Pa.1999) (alleged conduct not sufficiently severe where plaintiff "occasionally encountered individuals who inquired about her personal life and extended conversations about relationship to a 'graphic' level"); *LaRose v. Philadelphia Newspapers, Inc.,* 21 F.Supp.2d 492, 500 (E.D.Pa.1998) (allegations not sufficiently severe where supervisor raised his hand at plaintiff, followed her into an office, denied her overtime and training, and stood too close to her), *aff'd,* 205 F.3d 1329 (3d Cir. 1999); *McGraw v. Wyeth–Ayerst Labs., Inc.,* No. Civ.A.96–5780, 1997 WL 799437, at \*1, \*6 (E.D.Pa. Dec.30, 1997) (conduct not sufficiently severe when supervisor repeatedly asked plaintiff for a date, took disciplinary action against her when she rebuffed his sexual advances, held her face in his hands on one occasion, and on another forcibly kissed her without her consent).

Second, much of the conduct alleged is void of sexual content or suggestion. Although the Court must draw all reasonable inferences in favor of the Plaintiff, some of the allegations are totally devoid of sexual substance: following Plaintiff; inquiring into "how [Plaintiff] was doing"; and showing Plaintiff "personal pictures." The Court is at a loss to discern any sexual flavor in these incidents. *See Bonora v. UGI Utilities, Inc.,* No. Civ.A.99–5539, 2000 WL 1539077, at \*4 (E.D.Pa. Oct.18, 2000) (finding alleged acts not severe, and describing them as "incidental conduct that was void of sexual overtones").

Third, none of the alleged conduct is physically threatening or humiliating. Although neither this nor any other factor is necessary for finding sexual harassment, it can be important in determining the severity of the conduct. *See Harris,* 510 U.S. at 23, 114 S.Ct. 367 (listing circumstances that may determine whether a work environment is "hostile" or "abusive"); *Bishop*

*v. Nat'l R.R. Passenger Corp.,* 66 F.Supp.2d 650, 663 (E.D.Pa.1999) (holding alleged sexual harassment not severe, and noting absence of threats of physical force).

Fourth, Plaintiff's one recurring complaint of Taylor's visual harassment, *i.e.,* staring, giving him a "once over," and being overly "attentive," is not the kind of severe conduct proscribed by Title VII. *See, e.g., Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 716 (3d Cir.1997) (noting "mute gestures" such as squinting and shaking one's fists "cannot itself be characterized as particularly severe"); *Bishop,* 66 F.Supp.2d at 665 (finding "staring," "strange looks" and "whispering comments" not severe); *Bonora,* 2000 WL 1539077, at \*4 (finding conduct not severe, including looking at female plaintiff's chest during a meeting).

Fifth, this conduct was not pervasive or even very regular. By the Court's calculation, Plaintiff points to nine incidents over a period of approximately seventeen months, *i.e.,* May 1998 through October 1999. Plaintiff's affidavit expands this period through August 2001, although he fails to allege any specific instance of harassing conduct after October 1999. *See* Plaintiff's Affidavit at ¶ 6. Expanding the period in this way makes Taylor's alleged misconduct appear less frequent, and so the Court will use its own more generous calculations in order to view all facts in the light most favorable to Plaintiff. Even so, no reasonable juror could conclude that these particular nine incidents over the course of seventeen months amounted to "pervasive" or regular conduct. Rather, these appear to be sporadic, "isolated incidents." *Faragher,* 524 U.S. at 788, 118 S.Ct. 2275. Other courts have found more frequent, and often more severe, conduct also fails to meet the pervasiveness requirement. *See, e.g., Baskerville v. Culli-*

*gan Int'l Co.,* 50 F.3d 428 (7th Cir.1995) (reversing jury verdict in favor of employee where nine incidents of offensive behavior over seven months were not severe or pervasive, including use of sexual innuendo and one instance of simulated masturbation); *Bonora,* 2000 WL 1539077, at *4 (less than ten incidents over two years not pervasive); *Cooper–Nicholas v. City of Chester,* No. 95–6493, 1997 WL 799443, at *3 (E.D.Pa. Dec.30, 1997) (eight incidents of "unprofessional, offensive, and callow" sexual remarks over nineteen months not sufficiently "frequent or chronic").

At worst, Taylor's conduct may have been unprofessional, "embarrassing" to Plaintiff, or made him feel "uncomfortable." Plaintiff may have taken issue with Taylor's conduct, but no reasonable juror could conclude that the conduct was "so severe or pervasive that it alters the conditions of [Plaintiff's] employment and thus create[d] an abusive environment." *Weston,* 251 F.3d at 426. Accordingly, it is not actionable. Defendant's Motion is granted as to Count 2.

An appropriate Order follows.

### ORDER

AND NOW, this 24th day of March, 2003, upon consideration of Defendant's Motion for Partial Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment [Doc. # 4], Plaintiff's Response thereto [Doc. # 11], and after conference with counsel, and for the reasons set forth in the attached Memorandum, Defendant's Motion is hereby GRANTED IN PART and DENIED IN PART. It is further ORDERED:

1. With Plaintiff's counsel's consent, Count 5 and Count 6 of the Complaint are DISMISSED WITH PREJUDICE;

2. Consistent with the request on page 1 of Plaintiff's Response [Doc. # 11], Count 7 of the Complaint is hereby amended to include allegations against individuals, including but not limited to Karen Martin, Jack McHale, Carolyn Colvin, and other employees of the Social Security Administration;

3. Defendant's Motion is GRANTED as to Count 2 of the Complaint, and Judgment is hereby ENTERED in favor of Defendant on Count 2 of the Complaint;

4. Defendant's Motion is DENIED WITHOUT PREJUDICE as to all other Counts in the Complaint. Defendant is hereby granted leave to file a motion for summary judgment or partial summary judgment as to Counts 1, 3, 4 and 7 in accordance with this Court's January 6, 2003 Scheduling Order [Doc. # 10].

It is so ORDERED.